MANATT, PHELPS & PHILLIPS, LLP
AMY B. BRIGGS (Bar No. CA 194028)
E-mail: ABriggs@manatt.com
CHRISTOPHER A. RHEINHEIMER (Bar No. CA 253890)
E-mail: CRheinheimer@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone:   (415) 291-7400
Facsimile:   (415) 291-7474

Attorneys for Defendant
CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE
SHIELD OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>ALEX M. AZAR II, Secretary of the Department of Health and Human Services, et al.,<br><br>Defendants. | No. 4:18-cv-05022 HSG<br><br>**DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with [Proposed] Order.]<br><br>Date:       February 28, 2019<br>Time:       2:00 p.m.<br>Location:  Courtroom 2<br><br>First Amended Compl. Filed: Sept. 20, 2018 |

4:18-cv-05022 HSG

321114853.2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 28, 2019, at 2:00 p.m. in Courtroom 2 of the above-entitled court, located at 1301 Clay Street, Oakland, California 94162, defendant California Physicians' Service d/b/a Blue Shield of California ("Blue Shield") will and hereby does move this Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing each and every cause of action of plaintiff Steven Bruce's ("Plaintiff") First Amended Complaint against Blue Shield. This Motion is brought on the following grounds:

Plaintiff's first cause of action for improper denial of Medicare coverage fails to state a claim for relief against Blue Shield because Blue Shield is not a proper defendant for Plaintiff's claim.

Plaintiff's second cause of action for violation of the Due Process Clause fails to state a claim for relief against Blue Shield because Blue Shield is not a proper defendant and Blue Shield is not a state actor liable for alleged violations of due process. In addition, Plaintiff does not identify any actions taken by Blue Shield in violation of Plaintiff's due process rights.

Plaintiff's third cause of action for violation of Section 504 the Rehabilitation Act of 1973 fails to state a claim for relief against Blue Shield because Blue Shield is not a proper defendant and Section 504 is not applicable to Plaintiff's claim as a matter of law.

Plaintiff's fourth cause of action for violation of Title III of the Americans with Disabilities Act fails to state a claim for relief against Blue Shield because Blue Shield is not a proper defendant, Plaintiff fails to allege the necessary elements for a Title III claim, and Blue Shield falls within the safe harbor for insurance plans.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all papers on file with the Court, and all evidence and argument presented at or before the hearing on this Motion.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

4:18-cv-05022 HSG

321114853.2

ii

BLUE SHIELD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPL.

| | | |
|---|---|---|
| 1 | Dated: November 13, 2018 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Amy B. Briggs |
| | | Amy B. Briggs |
| | | Attorneys for Defendant |
| 5 | | CALIFORNIA PHYSICIANS' SERVICE |
| | | d/b/a BLUE SHIELD OF CALIFORNIA |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG

321114853.2

iii

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1
II. ALLEGATIONS OF THE COMPLAINT ........................................................................... 2
III. ARGUMENT ......................................................................................................................... 3
    A. Legal Standard .......................................................................................................... 3
    B. Blue Shield Is not a Proper Defendant in Plaintiff's First Amended Complaint ................................................................................................................... 3
        1. The Only Proper Defendant in Litigation Seeking Judicial Review of the Final Decision of the MAC Is the Secretary of HHS ........................ 3
        2. Plaintiff's Second, Third, and Fourth Causes of Action Are Also Based Entirely on a Claim for Judicial Review of the Final Decision of the MAC; the Secretary of HHS Is Still the Only Proper Defendant ................................................................................................... 4
    C. Plaintiff's Derivative Theories Fail as a Matter of Law ........................................... 5
        1. Plaintiff's Second Cause of Action for Violation of Due Process Does not Allege Facts Supporting a Valid Claim Against Blue Shield ...................................................................................................... 5
            a. Plaintiff Had Notice and Meaningful Opportunity to Be Heard .......................................................................................... 5
            b. Because Blue Shield Is not a State Actor It Cannot Be Liable Under the Due Process Clause ............................................ 6
        2. Plaintiff's Third Cause of Action for Violation of Section 504 of the Rehabilitation Act of 1973 Fails as a Matter of Law Because Plaintiff Does not Allege Discrimination Based on Disability ................... 6
        3. Plaintiff's Fourth Cause of Action for Violation of Title III of the ADA Fails as a Matter of Law ................................................................... 7
            a. Plaintiff Does not Allege Facts That Would Support a Cognizable Title III Cause of Action ............................................ 7
            b. Plaintiff Fails to Allege Any Available Relief Under Title III ................................................................................................... 9
IV. CONCLUSION ..................................................................................................................... 9

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

4:18-cv-05022 HSG
321114853.2

i

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

# TABLE OF AUTHORITIES

Page

## CASES

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
   526 U.S. 40 (1999) .................................................................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 3

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) .................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 3

*Chabner v. United of Omaha Life Ins. Co.*,
   225 F.3d 1042 (9th Cir. 2000) ................................................................................................ 8

*Classic Foods Intern. Corp. v. Kettle Foods, Inc.*,
   468 F. Supp. 2d 1181 (C.D. Cal. 2007) .................................................................................. 9

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
   911 F.2d 242 (9th Cir. 1990) .................................................................................................. 9

*Discrescenzo v. UnitedHealth Group, Inc.*,
   No. 15-00021 DKW-RLP, 2015 WL 5472926 (D. Haw. Sept. 16, 2015) ............................... 8

*Frazier v. Johnson*,
   312 Fed. Appx. 879 (9th Cir. 2009) ........................................................................................ 5

*Jackson v. Metro. Edison Co.*,
   419 U.S. 345 (1974) ................................................................................................................ 6

*Ledford v. California*,
   No. 2:15-cv-02381-TLN-EFB, 2018 WL 4352933 (E.D. Cal. Sept. 11, 2018) ....................... 7

*Lidie v. State of California*,
   478 F.2d 552 (9th Cir. 1973) .................................................................................................. 9

*Logan v. Sebelius*,
   No. 1:12-cv-00118-CL, 2012 WL 4429090 (D. Or. Aug. 6, 2012) ........................................ 4

*Madsen v. Kaiser Foundation Health Plan, Inc.*,
   No. 08-cv-2236-WQH-JMA, 2009 WL 1537878 (S.D. Cal. June 2, 2009) ........................... 3

*Mahler v. KIA Motors America*,
   No. 6:17-cv-1770-MC, 2018 WL 1938430 (D. Or. Apr. 24, 2018) ........................................ 8

*Meyer v. National Tenant Network*,
   10 F. Supp. 3d 1096 (N.D. Cal. 2014) .................................................................................... 3

*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724 (9th Cir. 2007) .................................................................................................. 7

*Nielsen v. Unum Life Ins. Co. of Amer.*,
   58 F. Supp. 3d 1152 (W.D. Wash. 2014) ................................................................................ 8

*Physician Hosps. of Am. v. Sebelius*,
   691 F.3d 649 (5th Cir. 2012) .................................................................................................. 5

*Rendell-Baker v. Kohn*,
   457 U.S. 830 (1982) ................................................................................................................ 6

4:18-cv-05022 HSG

321114853.2

ii

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
### (Continued)

Page

*Shalala v. Ill. Council on Long Term Care, Inc.*,
  529 U.S. 1 (2000)..................................................................................................................5

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012)................................................................................................3

*Uhm v. Humana, Inc.*,
  620 F.3d 1134 (9th Cir. 2010)................................................................................................4

*Wander v. Kaus*,
  304 F.3d 856 (9th Cir. 2002)..................................................................................................9

*Weinberger v. Salfi*,
  422 U.S. 749 (1975)................................................................................................................5

*Weyer v. Twentieth Century Fox Film Corp.*,
  198 F.3d 1104 (9th Cir. 2000)................................................................................................8

*Woodfill v. Secretary of Health and Human Services*,
  No. 3:11-cv-2236, 2013 WL 2153247 (N.D. Ohio May 15, 2013) ........................................4

**STATUTES**

29 U.S.C. § 794 .............................................................................................................................7

42 U.S.C. § 405 .............................................................................................................................5

42 U.S.C. § 405(g) ................................................................................................................2, 3, 4

42 U.S.C. § 1395w-22(g)(5) ......................................................................................................2, 4

42 U.S.C. § 1395w-104(h)(1) ........................................................................................................2

42 U.S.C. § 12181(7) .....................................................................................................................8

42 U.S.C. § 12181(7)(A)-(L) .........................................................................................................8

42 U.S.C. § 12182(a) .....................................................................................................................7

42 U.S.C. § 12188(a) .....................................................................................................................9

42 U.S.C. § 12201(c) .....................................................................................................................8

Rehabilitation Act of 1973 § 504 ........................................................................................1, 2, 6, 7

**OTHER AUTHORITIES**

42 C.F.R. § 405.1136(d)(1)............................................................................................................4

42 C.F.R. § 423.2136(d)(1).....................................................................................................3, 4, 5

**RULES**

Fed. R. Civ. P. 12(b)(6).................................................................................................................3

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG

321114853.2

iii

BLUE SHIELD'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPL.

## I. INTRODUCTION

Plaintiff Steven Bruce's ("Plaintiff") First Amended Complaint ("FAC") seeks "judicial review of a final decision of the Department of Health and Human Services ['HHS'], made by the Medicare Appeals Council ['MAC'] on July 12, 2018, denying coverage for the medication." (First Amended Complaint, Dkt. 19 ["FAC"] ¶ 1.)  The law is clear, however, that the *only* proper defendant in such an action—whatever the specific causes of action—is the Secretary of the Department of Health and Human Services.  California Physicians' Service d/b/a Blue Shield of California ("Blue Shield") issued Plaintiff's Medicare prescription drug plan, and is not a proper defendant for Plaintiff's direct cause of action for denial of Medicare benefits or Plaintiff's causes of action for violation of the Due Process Clause, Section 504 of the Rehabilitation Act, or Title III of the Americans with Disabilities Act, all of which are wholly derivative of Plaintiff's cause of action challenging the MAC's denial of Medicare benefits.

Plaintiff's derivative causes of action are also independently defective on the merits as a matter of law.

First, Plaintiff's due process claim fails because Plaintiff repeatedly was afforded administrative review of the denial of his Medicare benefits in compliance with the requirements of the Due Process Clause:  notice and a meaningful opportunity to be heard.  In addition, Plaintiff does not allege any facts that would support a finding that Blue Shield was a "state actor" subject to the requirements of the Due Process Clause.

Second, Plaintiff's claim for violation of Section 504 does not state a valid cause of action against Blue Shield because Plaintiff does not allege that he was denied coverage *because of* his actual disability, *i.e.*, lipodystrophy.  Rather, Plaintiff contends that he was denied Medicare benefits for the treatment of his disability, purportedly because he did not suffer from another, unrelated disability, HIV.  There is no cognizable Section 504 claim for discrimination based on an individual's lack of disability.

Third, Plaintiff's Title III cause of action fails because he was not denied "public accommodations" by Blue Shield—a health plan is not a "public accommodation" for purposes of Title III.  In addition, much like Plaintiff's Section 504 claim, Plaintiff fails to plead facts that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG

321114853.2

1

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

1  support a claim that he was denied Medicare benefits because of his alleged disability. And, in
2  any event, Blue Shield falls within the applicable safe harbor for insurance plans. Finally, Title
3  III only provides for injunctive relief, which Plaintiff does not seek against Blue Shield in this
4  action.

Plaintiff fails to plead any valid, cognizable legal theory against Blue Shield and, therefore, each and every cause of action in Plaintiff's FAC should be dismissed as to Blue Shield.

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff is a Medicare beneficiary enrolled in Medicare Part B and a Medicare Part D prescription drug plan. (FAC ¶ 1.) Plaintiff was prescribed Serostim for treatment of a wasting disease caused by an auto-immune disease, which Plaintiff refers to as lipodystrophy. (FAC ¶ 1.) Plaintiff sought coverage for the cost of Serostim from his Part D plan—EnvisionRx Plus Silver in 2016, and his Blue Shield of California Enhanced Prescription Drug Plan in 2017. (FAC ¶¶ 13-14, 23.) Both plans denied coverage for Plaintiff's use of Serostim because the medication was not proposed for an FDA-approved use, nor supported by a drug compendia approved by Medicare. (FAC ¶¶ 14, 24.)

Plaintiff requested reconsideration from an Independent Review Entity ("IRE"), which denied the request on the ground that "there were no citations in the Medicare-approved compendia supporting Serostim for Plaintiff's condition, lipodystrophy." (FAC ¶ 25.) Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"), who also determined that Plaintiff was not entitled to coverage for Serostim. (FAC ¶¶ 27-29.) Plaintiff appealed the ALJ's decision to the MAC, which issued an unfavorable decision to Plaintiff on July 12, 2018. (FAC ¶ 30.) Plaintiff now appeals the final decision of the MAC "pursuant to [] 42 U.S.C. § 1395w-104(h)(1) which incorporates the requirements of 42 U.S.C. § 1395w-22(g)(5) and 42 U.S.C. § 405(g)." (FAC ¶¶ 8, 31.) Plaintiff asserts four causes of action challenging the final decision of the Council: (1) an administrative challenge to the Council's Medicare coverage determination (FAC § VI.A.); (2) violation of the Due Process Clause of the Fifth Amendment (FAC § VI.B.); (3) violation of Section 504 of the Rehabilitation Act of 1973

(FAC § VI.C.); and (4) violation of Title III of the Americans with Disabilities Act (FAC § VI.D.). The first three causes of action are asserted against all three defendants, and the fourth is asserted solely against the health plans.

## III. ARGUMENT

### A. Legal Standard

Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a motion made under Rule 12(b)(6), a court considers the allegations of the complaint. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). A complaint cannot survive a Rule 12(b)(6) motion unless it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "facial plausibility" standard mandates "more than a sheer possibility that a defendant has acted unlawfully." *Meyer v. National Tenant Network*, 10 F. Supp. 3d 1096, 1099 (N.D. Cal. 2014), quoting *Iqbal*, 556 U.S. at 678.

Here, Plaintiff does not allege facts that would state a claim against Blue Shield under any cognizable legal theory and, therefore, this Motion should be granted in full and Blue Shield should be dismissed, with prejudice, from this action.

### B. Blue Shield Is not a Proper Defendant in Plaintiff's First Amended Complaint.

#### 1. The Only Proper Defendant in Litigation Seeking Judicial Review of the Final Decision of the MAC Is the Secretary of HHS.

Blue Shield is not a proper defendant in Plaintiff's appeal of the decision of the MAC. 42 U.S.C. § 405(g) governs judicial review from the decision of the MAC. The only proper defendant in such an action is the Secretary of HHS. 42 C.F.R. § 423.2136(d)(1) ("In any civil action [challenging a MAC final determination under Part D], the Secretary of HHS, in his or her official capacity, is the proper defendant.").

The regulation means what it says: the Secretary of HHS is the ***only*** proper defendant in litigation challenging a determination of the MAC. *See Madsen v. Kaiser Foundation Health*

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG
321114853.2

3

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

*Plan, Inc.*, No. 08-cv-2236-WQH-JMA, 2009 WL 1537878, at *4 (S.D. Cal. June 2, 2009) ("Plaintiff seeks judicial review of the final decision of the Medicare Appeals Council. [The health plan] is not the proper defendant."); *Logan v. Sebelius*, No. 1:12-cv-00118-CL, 2012 WL 4429090, at *3 (D. Or. Aug. 6, 2012) ("By its plain language, 42 C.F.R. § 405.1136(d)(1) [which contains identical language to section 423.2136(d)(1)] provides the Secretary 'is *the* proper defendant' in an action seeking judicial review pursuant to 42 U.S.C. § 1395w-22(g)(5), not one of several defendants that must or may be named."); *Woodfill v. Secretary of Health and Human Services*, No. 3:11-cv-2236, 2013 WL 2153247, at *4 n.4 (N.D. Ohio May 15, 2013) (same). Blue Shield therefore should be dismissed from Plaintiff's first cause of action directly challenging the decision of the MAC.

**2.     Plaintiff's Second, Third, and Fourth Causes of Action Are Also Based Entirely on a Claim for Judicial Review of the Final Decision of the MAC; the Secretary of HHS Is Still the Only Proper Defendant.**

"Judicial review under . . . 42 U.S.C. § 405(g) [is] the ***sole*** avenue for judicial review for claims arising under the Medicare Act." *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010).[1] The implementing regulations for section 405(g) identify the proper defendant for all of Plaintiff's causes of action: the Secretary of HHS. 42 C.F.R. § 423.2136(d)(1) ("In ***any*** civil action [challenging a final MAC determination under Part D], the Secretary of HHS, in his or her official capacity, is the proper defendant."). The regulation is not limited solely to claims directly challenging the MAC's determination, but expressly applies to "***any***" such civil action. All four causes of action asserted in the FAC are based entirely on the MAC's final determination that Plaintiff is not entitled to coverage for Serostim. (FAC ¶¶ 35, 37, 46, 55.) Plaintiff makes this abundantly clear in the FAC: "This complaint is for judicial review of a final decision of the Department of Health and Human Services [], made by the Medicare Appeals Council [] on July 12, 2018 . . . ." (FAC ¶ 1.) Indeed, the sole substantive remedy sought in the FAC is to reverse and set aside the decision of the MAC. (FAC § VIII.) *See also Uhm*, 620 F.3d at 1141 ("One category of claims that [courts] have found to arise under the [Medicare] Act are those cases that

---

[1] All emphasis is added unless otherwise indicated.

4:18-cv-05022 HSG
321114853.2

4

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

are cleverly concealed claims for benefits.")

The particular theories under which Plaintiff seeks to challenge the decision of the MAC do not change the calculus. *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) (Section 405 "does not preclude constitutional challenges. [It] simply require[s] that they be brought under jurisdiction grants contained in the Act . . . ."). Where, as here, the sole underlying claim in each cause of action is that the MAC's denial of benefits was wrong as a matter of law, the law is clear that the jurisdictional limitations of Section 405 still apply. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 11 (2000) (section 405 also governs constitutional claims); *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 656 (5th Cir. 2012) ("The Supreme Court has also explicitly rejected the argument that constitutional challenges are free from Section 405(h)'s requirements.") There is no doubt that Plaintiff's claims are solely based on a challenge to the decision of the MAC and, therefore, pursuant to 42 C.F.R. § 423.2136(d)(1), Plaintiff's remedy is against the Secretary of HHS alone, not Blue Shield. *See Salfi*, 422 U.S. at 760 (looking to substance of complaint to determine whether judicial review was governed by section 405).

### C. Plaintiff's Derivative Theories Fail as a Matter of Law.

Plaintiff also has not alleged facts that would establish any legally cognizable theory against Blue Shield, and this incurable failure is an independent basis to dismiss his FAC.

#### 1. Plaintiff's Second Cause of Action for Violation of Due Process Does not Allege Facts Supporting a Valid Claim Against Blue Shield.

##### a. Plaintiff Had Notice and Meaningful Opportunity to Be Heard.

Plaintiff asserts that Defendants violated the Due Process Clause of the Fifth Amendment when they denied Plaintiff's request for Medicare coverage for Serostim. (FAC ¶¶ 37, 41.) Under the Due Process Clause, Plaintiff was "entitled to adequate notice and the opportunity to be heard at a meaningful time and in a meaningful manner." *Frazier v. Johnson*, 312 Fed. Appx. 879, 882 (9th Cir. 2009) (internal quotations omitted). Plaintiff does not allege any facts demonstrating inadequate notice or the lack of opportunity to be heard in a meaningful time and manner. Rather, Plaintiff alleges the opposite—that he repeatedly had notice and multiple opportunities to be heard at numerous stages throughout the administrative appeals process,

Manatt, Phelps & Phillips, LLP
Attorneys At Law
San Francisco

4:18-cv-05022 HSG
321114853.2

5

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

1  including an appeal to the IRE, reconsideration by the IRE, appeal to an ALJ, including a

2  telephonic hearing, an appeal to and decision by the MAC, and now review by this Court.  (FAC

3  ¶¶ 25-30.)  Plaintiff received the due process to which he was entitled.

### b. Because Blue Shield Is not a State Actor It Cannot Be Liable Under the Due Process Clause.

Plaintiff's cause of action against Blue Shield fails for an additional, independent reason: there are no allegations that would support a finding that Blue Shield is a "state actor" subject to liability under the Due Process Clause.  The Due Process Clause of the Fifth Amendment protects individuals from violations of fundamental rights committed by the government.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . [n]or does the fact that the regulation is extensive and detailed." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). "Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

To validly allege that a private entity is subject to liability under the Due Process Clause, Plaintiff must plead facts demonstrating that the government "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the government." *American Mfrs.*, 526 U.S. at 52.  Here, Plaintiff does not make any such allegations in the FAC.  Indeed, Plaintiff's FAC makes clear that Blue Shield's initial determination cannot be "deemed to be that of the government" because Blue Shield's determination was subject to multiple layers of government review, any one of which could have resulted in a reversal.  (FAC ¶¶ 25-30.)  It is not Blue Shield's decision, but the government's, via the MAC, that is the basis for Plaintiff's Due Process claim.  Blue Shield therefore cannot be held liable under the Due Process Clause as a matter of law.

### 2. Plaintiff's Third Cause of Action for Violation of Section 504 of the Rehabilitation Act of 1973 Fails as a Matter of Law Because Plaintiff Does not Allege Discrimination Based on Disability.

Section 504 of the Rehabilitation Act of 1973 provides:  "No otherwise qualified

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG
321114853.2

6

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

handicapped individual . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Section 504 "prohibits discrimination *because of* disability, not inadequate treatment *for* disability." *Ledford v. California*, No. 2:15-cv-02381-TLN-EFB, 2018 WL 4352933, at *5 (E.D. Cal. Sept. 11, 2018) (emphasis in original). Here, however, Plaintiff only alleges that he did not receive adequate treatment *for* his purported disability. (FAC ¶ 1 ["Plaintiff requires Serostim for treatment of his wasting disease caused by an auto-immune disease, lipodystrophy."].) Therefore, much like in *Ledford*, "Plaintiff has not alleged any facts to show that he was denied medical treatment *because of* his [] disability rather than treatment for his disability." *Ledford*, 2018 WL 4352933 at *5 (emphasis in original). Indeed, it appears that Plaintiff alleges precisely the opposite: that it was his *lack* of a particular disability—HIV-positive status—that was the reason for the MAC's denial of his appeal. Alleged discrimination based on lack of a particular disability is not a cognizable claim under Section 504, nor could Plaintiff's claim be amended to bring it within the scope of the statute.

**3.    Plaintiff's Fourth Cause of Action for Violation of Title III of the ADA Fails as a Matter of Law.**

**a.    Plaintiff Does not Allege Facts That Would Support a Cognizable Title III Cause of Action.**

Title III states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff fails to satisfy the second and third elements of a Title III claim. First, Plaintiff does not allege that Blue Shield's plan "is a private entity that owns, leases, or operates a place of

public accommodation." Nor could he amend his complaint to cure this problem. Section 12181(7) identifies an extensive list of "public accommodations" subject to Title III—"[t]hey are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *see also Mahler v. KIA Motors America*, No. 6:17-cv-1770-MC, 2018 WL 1938430, at *3 (D. Or. Apr. 24, 2018) ("A public accommodation is defined at 42 U.S.C. § 12181(7)(A)-(L), with each subparagraph specifically designating buildings or locations where individuals from the public are permitted to enter."). The Ninth Circuit made clear "that although Title III of the ADA requires an insurance office to be physically accessible to the disabled, it does not address the terms of the policies the insurance companies sells." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1047 (9th Cir. 2000). The terms of Blue Shield's plan are not a place of public accommodation subject to Title III. *See Discrescenzo v. UnitedHealth Group, Inc.*, No. 15-00021 DKW–RLP, 2015 WL 5472926, at *7 (D. Haw. Sept. 16, 2015) ("In the instant case, the gravamen of DiCrescenzo's claims is UHC's benefit decisions under the terms of his health plan. Administration of these benefits does not relate to a physical place, nor does DiCrescenzo cite to any physical public accommodation to support his invocation of Title III."); *Nielsen v. Unum Life Ins. Co. of Amer.*, 58 F. Supp. 3d 1152, 1162 (W.D. Wash. 2014) ("Unlike the physical places with which Title III is concerned (an insurance office, for instance), an insurance company that administers a disability benefits plan is not 'a place of public accommodation' under Title III.").[2]

Second, Plaintiff does not allege that he was denied public accommodations by Blue Shield **because of** his alleged disability. Indeed, Plaintiff alleges that he was denied Serostim not because of his disability—wasting syndrome/lipodystrophy—but because he is HIV-negative. (FAC ¶ 55.) In other words, Plaintiff contends that he suffered discrimination because he **lacked** a particular disability: "Defendants are penalizing Plaintiff for his HIV-negative status." (*Id.*)

---

[2] In any event, even if Blue Shield's plan was a place of public accommodation subject to Title III, Blue Shield's coverage determinations fall within the safe harbor for insurance plans. 42 U.S.C. § 12201(c) (Title III "shall not be construed to prohibit or restrict—(1) an insurer . . . from underwriting risks, classifying risks, or administering such risks that are based on or not inconsistent with State law.").

4:18-cv-05022 HSG
321114853.2

8

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.

Not surprisingly, there is no case law to support such an absurd argument.

### b. Plaintiff Fails to Allege Any Available Relief Under Title III.

Title III does not entitle a plaintiff to money damages, but instead only permits injunctive relief. 42.U.S.C. § 12188(a); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). Plaintiff, however, does not seek injunctive relief. (*See* FAC § VIII, Prayer for Relief.) Nor does Plaintiff allege that Blue Shield continues, and will continue, to administer his benefit plan, which would be necessary to permit injunctive relief against Blue Shield. *See Classic Foods Intern. Corp. v. Kettle Foods, Inc.*, 468 F. Supp. 2d 1181, 1196 (C.D. Cal. 2007) ("Injunctive relief is forward looking only . . . .") (citing *Lidie v. State of California*, 478 F.2d 552, 556 (9th Cir. 1973)). Having failed to allege any available relief under Title III against Blue Shield, Plaintiff's Title III claim necessarily fails.

Plaintiff's Title III claim against Blue Shield is fatally flawed and should be dismissed.

## IV. CONCLUSION

Blue Shield respectfully requests that the Court dismiss Plaintiff's FAC as to Blue Shield in its entirety. Because "the pleading could not possibly be cured by the allegation of other facts," Blue Shield also requests that the Court dismiss the FAC as to Blue Shield without leave to amend. *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Dated: November 13, 2018                MANATT, PHELPS & PHILLIPS, LLP


By:/s/ Amy B. Briggs
    Amy B. Briggs
    Attorneys for Defendant
    CALIFORNIA PHYSICIANS' SERVICE
    d/b/a BLUE SHIELD OF CALIFORNIA

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4:18-cv-05022 HSG
321114853.2

9

BLUE SHIELD'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPL.